UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DREW ADAMS, a minor, by and through his next friend and mother, ERICA ADAMS KASPER,

    Plaintiff,

v.

THE SCHOOL BOARD OF ST. JOHNS COUNTY, FLORIDA; TIM FORSON, in his official capacity as Superintendent of Schools for the St. Johns County School District; and LISA KUNZE, in her official capacity as Principal of Allen D. Nease High School,

    Defendants.
_____/

Case No.: 3:17-cv-00739-TJC-JBT

DISPOSITIVE MOTION

### DEFENDANTS', OFFICE OF SUPERINTENDENT'S AND OFFICE OF PRINCIPAL'S, MOTION TO DISMISS COMPLAINT

Defendants, **TIM FORSON, in his official capacity as Superintendent of Schools for the St. Johns County School District** ("Superintendent") and **LISA KUNZE, in her official capacity as Principal of Allen D. Nease High School** ("Principal"), by and through their undersigned counsel and pursuant to *Fed. R. Civ. P.* 12(b)(1) and 12(b)(6), and *M.D. Fla. Loc. R.* 3.1, move to dismiss the Complaint filed by Plaintiff with prejudice. (Doc. 1).

I.     **Introduction**

Co-Defendants Superintendent and Principal file this Motion to succinctly address two narrow issues – both of which mandate dismissal of the claims against them. In the event the Court does not dismiss the Superintendent and Principal with prejudice based upon the arguments set forth below, pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Superintendent and Principal adopt the positions the School Board will take in its separately, subsequently filed defensive motions and responses to the request for preliminary injunctive relief.

II.    **Argument and Authority – Plaintiff's Claims Against The "Office of Superintendent" and "Office of Principal" Are Redundant**

Several Federal district courts, both in and outside the State of Florida, have held that suing both the school board and other school district officials in their official capacities is unnecessary and redundant. *Kubany by Kubany v. School Bd. of Pinellas County*, 818 F. Supp 1504, 1507 (M.D. Fla. 1993) (filing a Section 1983 claim against school board members and principal in their official capacities was improper, because the plaintiff had sued the school board directly); *see also*, *Marshall v. Miller,* 873 F.Supp. 628, 632 (M.D. Fla. 1995) (citing *Yeldell v. Cooper Green Hosp., Inc.*, 956 F.2d 1056,1060 (M.D. Fla. 1995)) (noting that official capacity claims are superfluous where, "only the assets of the government are available to satisfy a plaintiff's claims.")); *Garrett v. Clarke County Bd. of Education*, 857 F. Supp. 949, 952 (S.D. Ala. 1994) (dismissing with prejudice all of plaintiffs' Section 1983 claims against superintendent where plaintiff also sued the school board directly); *Moss v. W & A Cleaners,* 111 F.Supp.2d 1181, 1187 (M.D. Ala. 2000) (noting that an official capacity

2

suit is unnecessary where a plaintiff has also named the employer as a party); <u>Lynn v. United Technologies Corp., Inc.</u>, 916 F.Supp. 1217, 1219 (M.D. Ala. 1996) (holding that an official capacity suit is unnecessary and duplicative when an employer is properly named as a defendant).[1]

In <u>Johnson v. Dade County Public Schools</u>, 1992 WL 466902 at *3 (S.D. Fla. 1992), the plaintiffs brought suit against both the Dade County School Board and the superintendent in his official capacity. Although the plaintiffs there asserted that the superintendent was an indispensable party to the action, the court held that suing the governmental entity, the school board, and an officer of that entity in the officer's official capacity is "superfluous."  <u>See</u> <u>also</u>, <u>Hicks ex rel. Hicks v. Halifax County Bd. of Ed.</u>, 93 F. Supp. 2d 649, 667 (E.D.N.C. 1999)(following <u>Monell</u> and <u>Graham</u> and holding that counts that were filed against school board and against superintendent and principal of school in their official capacities should be dismissed, finding that "[i]t is unnecessary for plaintiff to proceed against both the officials in their official capacities and the School Board under *Kentucky* [*v. Graham*] and *Monell*"); <u>Love-Lane v. Martin</u>, 201 F. Supp. 2d 566, 583 (M.D.N.C. 2002), *aff'd in part, vacated in part on other grounds*, 355 F.3d 766 (4th Cir. 2004) (*"*Because Plaintiff has also asserted

---

[1] Cases from outside the Eleventh Circuit reaching the same conclusion include: <u>Scott v. Flowers</u>, 910 F.2d 201, 213, n. 25 (5th Cir. 1990) (rejecting that co-defendants employees were responsible for Section 1988 attorney fees where the injunctive relief sought by plaintiff could only be obtained through the employer); <u>McLin v. City of Chicago</u>, 742 F.Supp. 994, 997 (N.D. Ill. 1990) (dismissing official capacity suit against defendants did not prejudice plaintiff's claim against the city but streamlined them); <u>Willis v. Bell</u>, 726 F.Supp. 1118, 1124 (N.D. Ill. 1989), *aff'd*, 999 F.2d 284 (7th Cir. 1993), *cert. denied*, 114 S.Ct. 897 (1994) (claim against police superintendent in official capacity was redundant and dismissed).

claims against the school district by suing the Board, the claims against Martin in his official capacity are redundant with those claims and will be dismissed.").

These cases recognize a longstanding doctrine of the Supreme Court applicable to governmental liability lawsuits, and, in particular, in Section 1983 litigation, that an "official capacity" suit is merely an alternative way of pleading an action against the entity of which the government official is an agent. <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66, 167 n. 14 (1985) (quoting <u>Monell</u>, 436 U.S. at 690 n. 55); <u>Busby v. City of Orlando</u>, 931 F.2d 764, 772 (11th Cir. 1991) (following <u>Kentucky v. Graham</u>).[2] These cases also reflect the reality that neither the Superintendent nor the Principal are necessary parties for purposes of effectuating relief. Indeed, should this Court determine that Plaintiff's claims are meritorious, an order enjoining or requiring the School Board to refrain from or take certain action would be effective across the entire school district.

Suing the School Board, the Superintendent and the Principal in this case was unnecessary overkill. Because Plaintiff has sued the School Board directly, the official capacity claims against the Superintendent and Principal are redundant and unnecessary and should be dismissed with prejudice.

---

[2] <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 691 n. 55 (1978) made it clear that a suit against a local government official in his official capacity is treated as a suit against the local government unit. The Court reiterated this concept in <u>Graham,</u> explaining that there "is no longer a need to bring official-capacity actions against local government officials ... [because] local government units can be sued directly for damages and injunctive or declaratory relief." <u>Graham</u>, 473 U.S. at 167, n. 14.

### III. Argument and Authority - Plaintiff May Not Maintain Any Claims Against The "Office of Superintendent" and "Office of Principal" Under *Monell*

Plaintiff has brought this suit against the School Board for St. Johns County, the Superintendent, Tim Forson, in his official capacity and the Principal of Nease High School in her official capacity, pursuant to 42 U.S.C. § 1983. (Doc. 1 at p. 4, ¶ 8). However, Plaintiff is barred from pursuing any claims against the Co-Defendants Superintendent and Principal under the municipal liability standard established by the United States Supreme Court in *Monell*.

In *Monell*, the Court held that municipalities, including local government bodies such as school boards, may be held liable under 42 U.S.C. §1983 for an unconstitutional action committed by one of its officers only when the challenged act can fairly be stated to represent official policy or custom. *Id*. at 694 (1978); *see also, Denno v. Sch. Bd. of Volusia County*, 218 F.3d 1267, 1276 n. 9 (11th Cir. 2000) (finding that school boards are local government entities for *Monell* liability purposes). At the same time, the court also held that municipalities cannot be found liable based on a theory of *respondeat superior*. As such, the court set a clear line of demarcation between acts of the municipality itself (for which there is liability) and acts of employees of the municipality (for which there is no liability), and limited municipal liability to actions for which it is actually responsible. *Id*. at 694. In so holding, the court noted: "[i]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. Thus, "municipal liability attaches where, and only where, a deliberate choice to

5

follow a course of action is made from among various alternatives" by the final policymaker which resulted in the deprivation of Plaintiff's rights. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986); *see also*, *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988).

In the case *sub judice*, Plaintiff seeks to attack the School Board's policy of requiring students to use the bathroom of their biological sex. (Doc. 1 at p. 19, ¶66). The Superintendent and Principal are not the final policymakers for the St. Johns County School District as a matter of law. Plaintiff even expressly acknowledges this in the Complaint. (Doc. 1 at p. 19, ¶68). Accordingly, Plaintiff's claims against the Office of Superintendent and the Office of the Principal of Nease High School must be dismissed with prejudice.

In determining whether a municipal official is a final policymaker under *Monell*, a district court must apply state law and identify those who speak with final policymaking authority for the local governmental actor with respect to the action alleged to have caused the particular constitutional or statutory violation at issue. *Praprotnik*, 485 U.S. at 123; *Jett*, 491 U.S. at 737; *see also*, *Maschmeier v. Scott*, 269 Fed. Appx. 941, 943 (11th Cir. 2008)(noting that a lack of policy maker status precludes an official capacity suit). Only after the final policymaker is identified can it be determined whether its/their decision caused the alleged deprivation of rights at issue by and through policies which affirmatively command that the deprivation occur. *Id.*; *see also*, *Scala v. City of Winter Park*, 116 F.3d 1396, 1401 (11th Cir. 1997)

(establishing that a municipal officer is not a final policymaker when his or her decisions are subject to meaningful administrative review).

Under Florida law, final policymaking authority for a school district is vested in the School Board.  <u>See</u>, §1001.41, <u>Fla</u>. <u>Stat</u>. (2017). While the Florida Legislature has also vested superintendents with the authority to <u>recommend</u> policies to the School Board, it has simply not given superintendents authority to make final policy without the school board's approval.  <u>See</u>, §1001.49, <u>Fla</u>. <u>Stat</u>. (2017). The limited power of the superintendent "to recommend" is subject to the broader powers of the school board, which is responsible as a matter of law for determining and implementing policy.  In fact, Florida law does not authorize any employee to make final policy for the Board.  <u>K.M. v. School Board of Lee County</u>, 150 Fed. Appx. 953, 957 (11th Cir. 2005) ("Under Florida law, final policymaking authority for a school district is vested in the School Board. Fla. Stat. Ann. § 230.22(1) (2001) (now codified at § 1001.41)." <u>See also</u>, <u>Sherrod v. Palm Beach County Sch. Dist.</u>, 424 F. Supp. 2d 1341, 1345 (S.D. Fla. 2006) (holding that the multi-member school board was the final policymaker for the school district rather than the superintendent).

Based upon this division of power created by the Florida Legislature, the School Board, and not the Superintendent or the Principal, has <u>final</u> decision-making authority within the St. Johns County School District, a fact Plaintiff does not dispute. <u>See, Johnson</u>, 1992 WL 466902 at *4 (holding that under Florida law, the school board has *final* decision-making authority, not the superintendent, and rejecting plaintiffs' argument that the superintendent's purported decision-making authority is such that

7

a single decision by him may constitute a "policy" under § 1983). For <u>Monell</u> liability purposes, the School Board is the only party against which Plaintiff's Section 1983 claims may lie.

## IV.  <u>Conclusion</u>

Based on the foregoing, it is clear that the claims against the Superintendent and Principal should be dismissed from this action with prejudice.

Dated this 1st day of August, 2017.

        Respectfully submitted,

        <u>/s/ Terry J. Harmon</u>
        **TERRY J. HARMON**
        *Trial Counsel*
        Florida Bar Number: 0029001
        tharmon@sniffenlaw.com
        <u>/s/ Robert J. Sniffen</u>
        **ROBERT J. SNIFFEN**
        Florida Bar Number: 0000795
        rsniffen@sniffenlaw.com
        <u>/s/ Michael P. Spellman</u>
        **MICHAEL P. SPELLMAN**
        Florida Bar Number: 937975
        mspellman@sniffenlaw.com

        **SNIFFEN & SPELLMAN, P.A.**
        123 North Monroe Street
        Tallahassee, Florida 32301
        Telephone: (850) 205-1996
        Facsimile: (850) 205-3004

        *Counsel for Defendants, Tim Forson, in his official capacity as Superintendent of Schools for the St. Johns County School District and Lisa Kunze, in her official capacity as Principal of Allen D. Nease High School*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 1st day of August, 2017, a true and correct copy of the foregoing was electronically filed in the United States District Court, Middle District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Terry J. Harmon
**TERRY J. HARMON**