UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**DREW ADAMS**, a minor, by and through
his next friend and mother, **ERICA
ADAMS KASPER**,

    Plaintiff,                               Case No.: 3:17-cv-00739-TJC-JBT

**v.**

**THE SCHOOL BOARD OF ST. JOHNS
COUNTY, FLORIDA**,

    Defendant.
_____/

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, **THE SCHOOL BOARD OF ST. JOHNS COUNTY, FLORIDA**, by and through its undersigned counsel, hereby answers Plaintiff's Complaint [Doc. 1] in correspondingly numbered paragraphs as follows:[1]

### **INTRODUCTION**

1.      Defendant admits Plaintiff attends Allen D. Nease High School ("Nease") and started his junior year in August of 2017. Defendant admits Plaintiff self-identifies as a transgender male. Defendant denies it subjected Plaintiff to discrimination at Nease. Defendant is without knowledge regarding all other allegations in Paragraph 1 and therefore denied.

---

[1] On August 18, 2017, Defendant filed a Motion to Dismiss Plaintiff's Complaint. [Doc. 54]. The Motion only sought dismissal of Plaintiff's Title IX claim (Count II). As such, this Answer will only address all general allegations and Count II. To the extent the Motion is denied, Defendant will amend its Answer and Affirmative Defenses to address the allegations in Count I and to include any applicable affirmative defenses.

2. Defendant admits Plaintiff is a student. Defendant is without knowledge as to and therefore denies or denies outright the remaining allegations in Paragraph 2.

3. Defendant admits Plaintiff is seeking a declaratory judgment, preliminary and permanent injunctive relief, and nominal damages. Defendant denies the Superintendent and Principal are parties to this action. [Doc. 49]. Defendant denies that Plaintiff is entitled to injunctive relief [Doc. 50] or any of the relief sought. Defendant denies all other allegations in Paragraph 3.

## PARTIES

4. Defendant admits Plaintiff is a 16-year-old, self-identified transgender male who attends Nease. Defendant admits Plaintiff is subject to Defendant's policies that apply equally to all students in the District. Defendant admits Plaintiff is seeking to bring an action through his friend and mother under Rule 17(c) of the Federal Rules of Civil Procedure. Defendant denies all other allegations in Paragraph 4.

5. Defendant admits it derives power, in part, from the Florida Constitution and Florida Statutes sections cited in Paragraph 5. Defendant admits it establishes policies for the effective operation of the District. Defendant admits it is a "person" for purposes of §1983. Defendant denies all other allegations in Paragraph 5.

6. Defendant admits Tim Forson is the Superintendent of the District and that he was appointed to the position effective January 4, 2017. Defendant admits the Superintendent derives authority, in part, from the Florida Statutes sections cited in Paragraph 6. Defendant admits the Superintendent has authority and responsibility to enforce policies of the District.

Defendant admits Superintendent Forson was preceded in office by Dr. Joyner. Defendant denies all other allegations in Paragraph 6.

7. Defendant admits Lisa Kunze is the Principal at Nease and that she was appointed to the position effective January 2017. Defendant admits Principal Kunze derives authority, in part, from the Florida Statutes sections cited in Paragraph 7. Defendant admits Principal Kunze is employed by Defendant and is subject to the direction and authority of Superintendent Forson. Defendant admits Principal Kunze has the authority and responsibility to enforce policies of the District. Defendant admits Principal Kunze was preceded in office by Mr. Dresback. Defendant denies all other allegations in Paragraph 7.

8. Defendant denies the allegations in Paragraph 8.

9. Defendant admits Plaintiff is prohibited from using the boys' bathrooms at Nease but denies all other allegations in Paragraph 9.

## JURISDICTION AND VENUE

10. Defendant admits the allegations in Paragraph 10 for jurisdictional purposes only.

11. Defendant admits the allegations in Paragraph 11 for jurisdictional purposes only.

12. Defendant admits the allegations in Paragraph 12 for venue purposes only.

13. Defendant submits that Rules 57 and 65 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202 speak for themselves.

14. Defendant admits the allegations in Paragraph 14 as to the School Board only.

## FACTUAL ALLEGATIONS

15. Defendant admits the allegations in Paragraph 15.

16. Defendant admits Plaintiff is an honor student, enrolled in AP classes, and participates in the International Baccalaureate program. Defendant is without knowledge as to Plaintiff's future plans and therefore denied.

17. Defendant admits Plaintiff participates in at least one school-based extracurricular activity. Defendant is without knowledge regarding the remaining allegations in Paragraph 17 and therefore denied.

18. Defendant is without knowledge as to Plaintiff's future plans and therefore denied.

19. Defendant denies the allegation in Paragraph 19.

20. Defendant admits Plaintiff has informed Defendant that he is transgender. Defendant is without knowledge as to and therefore denies or denies outright the remaining allegations in Paragraph 20.

21. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 21.

22. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 22.

23. Defendant is without knowledge as to and therefore denies or denies outright the allegations in Paragraph 23.

24. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 24.

25. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 25.

26. Defendant admits gender dysphoria is a condition recognized in the DSM-V. Defendant is without knowledge as to and therefore denies the remaining allegations in Paragraph 26.

27. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 27.

28. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 28.

29. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 29.

30. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 30.

31. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 31.

32. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 32.

33. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 33.

34. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 34.

35. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 35.

36. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 36.

37. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 37.

38. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 38.

39. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 39.

40. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 40.

41. Defendant admits Plaintiff wanted to be treated as a boy at Nease by the time he began his freshman year. Defendant is without knowledge as to and therefore denies the remaining allegations in Paragraph 41.

42. Defendant admits that Plaintiff emailed certain school personnel and asked they use male pronouns when referring to him.  Defendant admits Plaintiff continues to use the first name "Drew."  Defendant is without knowledge as to and therefore denies the remaining allegations in Paragraph 42.

43. Defendant admits Plaintiff's teachers used male pronouns when referring to him. Defendant is without knowledge as to and therefore denies the remaining allegations in Paragraph 43.

44. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 44.

45. Defendant admits a meeting was held with Plaintiff, Kim Hollis, and Holly Arkin at Nease in September of 2015. Defendant admits Plaintiff was advised that someone complained that he used the boys' bathroom at Nease. Defendant admits Plaintiff was reminded of gender-neutral bathroom options. Defendant is without knowledge as to and therefore denies or denies outright the remaining allegations in Paragraph 45.

46. Defendant is without knowledge as to and therefore denies or denies outright the allegations in Paragraph 46.

47. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 47.

48. Defendant is without knowledge as to and therefore denies or denies outright the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant admits the gender-neutral bathroom in the H-pod was closed at different times during the the 2016-2017 school year due to bomb threats and student conduct issues. Defendant admits Plaintiff and other students requested that the bathroom be reopened to students. Defendant is without knowledge as to and therefore denies the remaining allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant admits the pass time between classes is five minutes. Defendant is without knowledge as to and therefore denies or denies outright the remaining allegations in Paragraph 52.

53. Defendant denies Nease is a discriminatory environment. Defendant is without knowledge as to and therefore denies or denies outright the remaining allegations in Paragraph 53.

54. Defendant admits Plaintiff enrolled in art class last year and had access to a gender-neutral bathroom in the art classroom. Defendant is without knowledge as to and therefore denies or denies outright the remaining allegations in Paragraph 54.

55. Defendant admits Plaintiff's mother attempted to address her child's grievances before filing this action and that she sent a letter to Mr. Dresback. Defendant admits a meeting was held with Plaintiff, Plaintiff's mother, Ms. Arkin, Christy McKendrick, Sallyanne Smith, and Mr. Dresback. Defendant is without knowledge as to and therefore denies or denies outright the remaining allegations in Paragraph 55.

56. Defendant admits that in the fall of 2015, Plaintiff's mother met with Cathy Mittelstadt and Brennan Asplen. Defendant admits the discussion included concerns about privacy issues. Defendant admits Plaintiff's mother brought documents to the meeting. Defendant denies Mr. Asplen made the comments alleged in Paragraph 56. Defendant is without knowledge as to and therefore denies or denies outright the remaining allegations in Paragraph 56.

57. Defendant admits Plaintiff filed a complaint with the Office for Civil Rights ("OCR") in November of 2015 and that Defendant declined to participate in mediation with

OCR. Defendant admits a meeting was held on April 8, 2016, involving Plaintiff's mother, Ms. Mittelstadt, and Ms. Arkin. Defendant admits Plaintiff and Plaintiff's mother met with Ms. Mittelstadt in May of 2016. Defendant denies Plaintiff's allegation regarding the comments made by Ms. Mittelstadt during the April 8, 2016, meeting as alleged in Paragraph 57. Defendant is without knowledge as to and therefore denies or denies outright the remaining allegations in Paragraph 57.

58. Defendant is without knowledge as to and therefore denies or denies outright the allegations in Paragraph 58.

59. Defendant is without knowledge as to and therefore denies or denies outright the allegations in Paragraph 59.

60. Defendant is without knowledge as to and therefore denies or denies outright the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant is without knowledge as to and therefore denies or denies outright the allegations in Paragraph 63

64. Defendant denies the allegations in Paragraph 64.

## CLAIMS FOR RELIEF

### COUNT I
### Denial of Equal Protection
### U.S. Const. Amend. XIV

65. Defendant incorporates paragraphs 1 through 64 as though fully set forth herein.

66. Defendant admits Plaintiff is seeking declaratory and injunctive relief as well as nominal damages. Defendant admits Plaintiff is seeking to challenge Defendant's bathroom policy. Defendant denies Plaintiff is entitled to any of the relief sought.

67. Defendant admits the allegations in Paragraph 67.

68. Defendant admits the allegations in Paragraph 68.

69. Defendant submits that the Fourteenth Amendment of the U.S. Constitution is a written document that speaks for itself.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant admits the Fourteenth Amendment prohibits discrimination based on sex and that sex-based classifications are subject to intermediate scrutiny. Defendant denies the remaining allegations in Paragraph 71.

72. Defendant admits discrimination based on "sex stereotyping" in the Eleventh Circuit is subject to intermediate scrutiny. Defendant is without knowledge as to and therefore denies or denies outright the remaining allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

## COUNT II
### Violation of Title IX
### 20 U.S.C § 1681, *et seq.*

76-83. Plaintiff's Title IX claim is subject to a Motion to Dismiss currently pending before the Court. [Doc. 54]. To the extent the Motion is denied, Defendant will amend its

Answer and Affirmative Defenses to address the allegations in Count II and include any additional affirmative defenses.

## PRAYER FOR RELIEF

Defendant denies Plaintiff is entitled to any of the relief sought in the Prayer for Relief section of the Complaint.

Defendant denies all allegations not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a cause of action for a violation of the Equal Protection Clause as guaranteed by the Fourteenth Amendment. Specifically, Plaintiff is unable to demonstrate that the policies at issue are based on impermissible sex stereotyping or discriminatory on the basis of sex. Likewise, Plaintiff is unable to allege that he is treated differently than any other similarly situated individuals.

### Second Affirmative Defense

Plaintiff is unable to demonstrate that he is a member of a suspect class.

### Third Affirmative Defense

Defendant submits that the policies at issue are substantially related to the furtherance of an important government interest.

### Fourth Affirmative Defense

Defendant submits there is no evidence to support the existence of any policy, custom, or practice created or maintained by Defendant which in and of itself deprived Plaintiff of any

civil or constitutional right, or which was the moving force behind any unconstitutional conduct of Defendant and its employees and agents.

### Fifth Affirmative Defense

Defendant submits the alleged injuries, if any, and damages, if any, of the Plaintiff and the derivative injury and damages, if any, of the Plaintiff were proximately caused by actions of others or events separate, distinct, unrelated and remote to any action or inaction of the Defendant, which said separate, distinct, unrelated actions of others or events or accidents were the sole proximate or contributing cause of Defendant's alleged injuries and damages, if any, for which Defendant cannot be liable, or were such separate intervening and superseding causes thereof as to absolve Defendant of any responsibility or liability therefore.

### Sixth Affirmative Defense

Defendant's policies and actions complied (and continue to comply) with applicable laws, including Title IX, and the Constitution of the United States of America.

Dated this 22nd day of August, 2017.

Respectfully submitted,

/s/ *Terry J. Harmon*
**TERRY J. HARMON**
*Trial Counsel*
Florida Bar Number: 0029001
tharmon@sniffenlaw.com
**MICHAEL P. SPELLMAN**
Florida Bar Number: 937975
mspellman@sniffenlaw.com
**ROBERT J. SNIFFEN**
Florida Bar Number: 0000795
rsniffen@sniffenlaw.com
**KEVIN KOSTELNIK**
Florida Bar Number: 0118763
kkostelnik@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 22nd day of August, 2017, a true and correct copy of the foregoing was electronically filed in the United States District Court, Middle District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ *Terry J. Harmon*
**TERRY J. HARMON**