# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

DREW ADAMS, a minor, by and through
his next friend and mother, ERICA
ADAMS KASPER,

    Plaintiff,                                       Case No.: 3:17-cv-00739-TJC-JBT

v.

THE SCHOOL BOARD OF ST. JOHNS
COUNTY, FLORIDA,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, **THE SCHOOL BOARD OF ST. JOHNS COUNTY, FLORIDA**, by and through its undersigned counsel, hereby answers Plaintiff's Amended Complaint [Doc. 60] in correspondingly numbered paragraphs as follows:[1]

## INTRODUCTION

1. Defendant admits Plaintiff attends Allen D. Nease High School ("Nease") and started his junior year in August of 2017. Defendant admits Plaintiff self-identifies as a transgender male. Defendant denies it subjected Plaintiff to discrimination at Nease.

---

[1] On August 18, 2017, Defendant filed a Motion to Dismiss Plaintiff's Complaint. [Doc. 54], specifically seeking dismissal of Plaintiff's Title IX claim (Count II). In its Case Management and Scheduling Order [Doc. 59] issued September 4, 2017, the Court ordered that the Defendant's Motion will be carried with the case and decided as part of the Court's Findings of Fact and Conclusions of Law following trial. As such, this Answer will only address the general allegations and Count I of the Amended Complaint, and is, contemporaneous with this filing, filing a Notice that it reincorporates its arguments in the Motion to Dismiss.

Defendant is without knowledge as to, and therefore denies, the remaining allegations in Paragraph 1.

2. Defendant admits Plaintiff is a student. Defendant is without knowledge as to and therefore denies or denies outright the remaining allegations in Paragraph 2.

3. Defendant admits Plaintiff is seeking a declaratory judgment, preliminary and permanent injunctive relief, and compensatory as well as nominal damages. Defendant denies the Superintendent and Principal are parties to this action. [Doc. 49]. Defendant denies that Plaintiff is entitled to injunctive relief [Doc. 50] or any of the relief sought, and denies the remaining allegations in Paragraph 3.

**PARTIES**

4. Defendant admits Plaintiff is a 16-year-old, self-identified transgender male who attends Nease. Defendant admits Plaintiff is subject to Defendant's policies that apply equally to all students in the District. Defendant admits Plaintiff is seeking to bring an action through his friend and mother under Rule 17(c) of the Federal Rules of Civil Procedure. Defendant denies the remaining allegations in Paragraph 4.

5. Defendant admits it derives power, in part, from the Florida Constitution and Florida Statutes sections cited in Paragraph 5. Defendant admits it establishes policies for the effective operation of the District. Defendant admits it is a "person" for purposes of §1983. Defendant denies the remaining allegations in Paragraph 5.

6. Defendant admits Plaintiff is prohibited from using the boys' bathrooms at Nease but denies the remaining allegations in Paragraph 6.

## JURISDICTION AND VENUE

7. Defendant admits the allegations in Paragraph 7 for jurisdictional purposes only.

8. Defendant admits the allegations in Paragraph 8 for jurisdictional purposes only.

9. Defendant admits the allegations in Paragraph 9 for venue purposes only.

10. Defendant submits that Rules 57 and 65 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202 speak for themselves.

11. Defendant admits the allegations in Paragraph 11.

## FACTUAL ALLEGATIONS

12. Defendant admits the allegations in Paragraph 12.

13. Defendant admits Plaintiff is an honor student, enrolled in AP classes, and participates in the International Baccalaureate program. Defendant is without knowledge as to and therefore denies the remaining allegations in Paragraph 13.

14. Defendant admits Plaintiff participates in at least one school-based extracurricular activity. Defendant is without knowledge as to and therefore denies the remaining allegations in Paragraph 14.

15. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 15.

16. Defendant denies the allegation in Paragraph 16.

17. Defendant is without knowledge as to and therefore denies or denies outright the allegations in Paragraph 17.

18. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 18.

19. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 19.

20. Defendant is without knowledge as to and therefore denies or denies outright the allegations in Paragraph 20.

21. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 21.

22. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 22.

23. Defendant admits gender dysphoria is a condition recognized in the DSM-V. Defendant is without knowledge as to and therefore denies the remaining allegations in Paragraph 23.

24. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 24.

25. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 25

26. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 26.

27. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 27.

28. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 28.

29. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 29.

30. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 30.

31. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 31.

32. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 32.

33. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 33.

34. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 34.

35. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 35.

36. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 36.

37. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 37.

38. Defendant admits Plaintiff requested to be treated as a boy at the beginning of his freshman year at Nease. Defendant is without knowledge as to and therefore denies the remaining allegations in Paragraph 38.

39. Defendant admits that Plaintiff emailed certain school personnel and requested they use male pronouns when referring to him. Defendant admits Plaintiff continued to use the first name "Drew." Defendant is without knowledge as to and therefore denies the remaining allegations in Paragraph 39.

40. Defendant admits Plaintiff's teachers used male pronouns when referring to him. Defendant is without knowledge as to and therefore denies the remaining allegations in Paragraph 40.

41. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 41.

42. Defendant admits a meeting was held with Plaintiff, Kim Hollis, and Holly Arkin at Nease in September of 2015. Defendant admits Plaintiff was advised that someone complained that he used the boys' bathroom at Nease. Defendant admits Plaintiff was reminded of gender-neutral bathroom options. Defendant is without knowledge as to and therefore denies or denies outright the remaining allegations in Paragraph 42.

43. Defendant is without knowledge as to and therefore denies or denies outright the allegations in Paragraph 43.

44. Defendant is without knowledge as to and therefore denies the allegations in Paragraph 44.

45. Defendant is without knowledge as to and therefore denies or denies outright the allegations in Paragraph 45.

46. Defendant is without knowledge as to and therefore denies or denies outright the remaining allegations in Paragraph 46.

47. Defendant is without knowledge as to and therefore denies or denies outright the allegations in Paragraph 47.

48. Defendant is without knowledge as to and therefore denies or denies outright the allegations in Paragraph 48.

49. Defendant admits Plaintiff's mother sent a letter to Mr. Dresback and further admits a meeting was held with Plaintiff, Plaintiff's mother, Ms. Arkin, Christy McKendrick, Sallyanne Smith, and Mr. Dresback. Defendant is without knowledge as to and therefore denies or denies outright the remaining allegations in Paragraph 49.

50. Defendant admits that in the fall of 2015, Plaintiff's mother met with Cathy Mittelstadt and Brennan Asplen. Defendant admits the discussion included concerns about privacy issues. Defendant admits Plaintiff's mother brought documents to the meeting. Defendant denies Mr. Asplen made the comments alleged in Paragraph 50. Defendant is without knowledge as to and therefore denies or denies outright the remaining allegations in Paragraph 50.

51. Defendant admits Plaintiff filed a complaint with the Office for Civil Rights ("OCR") in November of 2015 and that Defendant declined to participate in mediation with OCR. Defendant admits a meeting was held on April 8, 2016, involving Plaintiff's mother, Ms. Mittelstadt, and Ms. Arkin. Defendant admits Plaintiff and Plaintiff's mother met with Ms.

Mittelstadt in May of 2016. Defendant denies Plaintiff's allegation regarding the comments made by Ms. Mittelstadt during the April 8, 2016, meeting as alleged in Paragraph 51. Defendant is without knowledge as to and therefore denies or denies outright the remaining allegations in Paragraph 51.

52. Defendant without knowledge as to and therefore denies the allegations in Paragraph 52.

53. Defendant is without knowledge as to and therefore denies or denies outright the allegations in Paragraph 53.

54. Defendant is without knowledge as to and therefore denies or denies outright the allegations in Paragraph 54.

55. Defendant is without knowledge as to and therefore denies or denies outright the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

**CLAIMS FOR RELIEF**

**COUNT I**
**Denial of Equal Protection**
**U.S. Const. Amend. XIV**

60. Defendant incorporates paragraphs 1 through 59 as though fully set forth herein.

61. Defendant admits Plaintiff is seeking to challenge Defendant's bathroom policy, but denies Plaintiff's claim has any merit.

62. Defendant admits the allegations in Paragraph 62.

63. Defendant admits the allegations in Paragraph 63.

64. Defendant submits that the Fourteenth Amendment of the U.S. Constitution is a written document that speaks for itself.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant admits the Fourteenth Amendment prohibits discrimination based on sex and that sex-based classifications are subject to intermediate scrutiny. Defendant denies the remaining allegations in Paragraph 66.

67. Defendant admits discrimination based on "sex stereotyping" in the Eleventh Circuit is subject to intermediate scrutiny. Defendant is without knowledge as to and therefore denies or denies outright the remaining allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

## COUNT II
## Violation of Title IX
## 20 U.S.C § 1681, *et seq.*

71-78. As noted in footnote 1, *supra*, Defendant is filing a Notice adopting its Motion to Dismiss [Doc. 54] in response to Count II of the Second Amended Complaint.

## PRAYER FOR RELIEF

Defendant denies Plaintiff is entitled to any of the relief sought in the Prayer for Relief. Defendant denies all allegations not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a cause of action for a violation of the Equal Protection Clause as guaranteed by the Fourteenth Amendment. Specifically, Plaintiff is unable to demonstrate that the policies at issue are based on impermissible sex stereotyping or discriminatory on the basis of sex. Likewise, Plaintiff is unable to allege that he is treated differently than any other similarly situated individuals.

### Second Affirmative Defense

Plaintiff is unable to demonstrate that he is a member of a suspect class.

### Third Affirmative Defense

Defendant submits that the policies at issue are substantially related to the furtherance of an important government interest.

### Fourth Affirmative Defense

Defendant submits there is no evidence to support the existence of any policy, custom, or practice created or maintained by Defendant which in and of itself deprived Plaintiff of any civil or constitutional right, or which was the moving force behind any unconstitutional conduct of Defendant and its employees and agents.

### Fifth Affirmative Defense

Defendant submits the alleged injuries, if any, and damages, if any, of the Plaintiff and the derivative injury and damages, if any, of the Plaintiff were proximately caused by actions of others or events separate, distinct, unrelated and remote to any action or inaction of the Defendant, which said separate, distinct, unrelated actions of others or events or accidents were

the sole proximate or contributing cause of Defendant's alleged injuries and damages, if any, for which Defendant cannot be liable, or were such separate intervening and superseding causes thereof as to absolve Defendant of any responsibility or liability therefore.

### Sixth Affirmative Defense

Defendant's policies and actions complied (and continue to comply) with applicable laws, specifically including, but not limited to, Title IX, and the United States Constitution.

Dated this 21st day of September, 2017.

Respectfully submitted,

/s/ *Michael P. Spellman*

**TERRY J. HARMON**
*Trial Counsel*
Florida Bar Number: 0029001
tharmon@sniffenlaw.com
**MICHAEL P. SPELLMAN**
Florida Bar Number: 937975
mspellman@sniffenlaw.com
**ROBERT J. SNIFFEN**
Florida Bar Number: 0000795
rsniffen@sniffenlaw.com
**KEVIN KOSTELNIK**
Florida Bar Number: 0118763
kkostelnik@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 21st day of September, 2017, a true and correct copy of the foregoing was electronically filed in the United States District Court, Middle District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ *Michael P. Spellman*
**MICHAEL P. SPELLMAN**