**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| DREW ADAMS, et al.,<br><br>*Plaintiff*,<br><br>v.<br><br>THE SCHOOL BOARD OF ST. JOHNS COUNTY, FLORIDA,<br><br>*Defendant*. | No. 3:17-cv-00739-TJC-JBT |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF MICHELLE KEFFORD, MICHAELLE VALBRUN-POPE, AND THOMAS ABERLI**

Plaintiff Drew Adams ("Drew"), a minor, by and through his next friend and mother, Erica Adams Kasper (collectively, "Plaintiff"), and by and through their undersigned counsel, respectfully submits this memorandum in opposition to Defendant's Motion *in Limine* for an order precluding testimony of Ms. Michaelle Valbrun-Pope, Ms. Michelle Kefford, and Dr. Thomas Aberli (collectively, the "School Administrator Witnesses"). Because the testimony of the School Administrator Witnesses is both highly relevant to this case and probative of important questions of law and fact in this matter, Defendant's motion *in limine* should be denied.

1

## ARGUMENT

Defendant's Motion relies on two arguments to exclude the potential testimony of the School Administrator Witnesses, but neither of its positions have merit. *First,* Defendant argues that their testimony would not be relevant or probative of the facts in this case. *Second*, Defendant contends that their testimony would cause undue delay or waste time, claiming that Defendant was aware of, and elected not to follow, Broward County's bathroom policy for transgender students. Neither argument is persuasive. Accordingly, the motion should be denied.

Federal Rule of Evidence 401 represents a low hurdle for a proponent of evidence, as "[e]vidence need not be conclusive of a material issue in order to be admitted." *US v. Madera*, 574 F.2d 1320, 1322 (5th Cir. 1978). Instead, the Rule merely requires that a proposed fact have some "tendency to make a fact more or less probable than it would be without the evidence" and be "of consequence in determining the action." Fed. R. Evid. 401. Indeed, the 11th Circuit has held that Rule 401, and the Federal Rules of Evidence as a whole, reflect a general policy of "liberal admission of evidence." *See U.S. v. Bourlier*, 518 Fed. App'x. 848, 855 (11th Cir. 2013); *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1310 (11th Cir. 1999).

Here, Plaintiff claims that Defendant has violated his rights under the Equal Protection Clause of the Fourteenth amendment and Title IX of the Educational Amendments of 1972 by refusing to allow him to use the boys' restroom at Nease High School. One of the primary issues in this case is Defendant's bathroom policy, which necessarily includes not only an examination of the attendant challenges, intricacies, and decision-making processes that led to that policy, but also an inquiry into the veracity of Defendant's purported concerns, rationales

and justifications driving the policy—concerns, rationales, and justifications that must be rooted in reality, not mere speculation or hypothetical concerns. To be clear, Defendant will have to show that its policy substantially furthers a legitimate, indeed important, governmental interest,[1] something that the evidence in this case confirms it cannot do. On the contrary, Defendant's witnesses testified that while there was significant information available that would afford the School District an opportunity to make an informed decision, Defendant's focus was actually on appeasing interests that had nothing to do with privacy or security concerns.

Plaintiff offers these School Administrator Witnesses to testify as to their unique experiences in developing and implementing their schools' bathroom policies as they pertain to transgender students, as well as to address whether any of Defendant's purported concerns, rationales, or justifications are rooted in reality or based on fact. They will be able to speak to on-the-ground details regarding the development and implementation of these affirming and non-discriminatory policies and would rebut any potential claims by Defendant that alternative policies to its existing discriminatory policy are unworkable or do not adequately protect the purported privacy and security interests. It would be extremely relevant for this Court to hear from the School Administrator Witnesses who engaged in a considered process for evaluating

---

[1] This Court will be required to apply strict or, at a minimum, heightened scrutiny to the policy at issue because the policy discriminates based on transgender status as well as based on sex. *Glenn v. Brumby*, 663 F.3d 1312 (11th Cir. 2011) (applying intermediate scrutiny to case involving gender stereotyping of a transgender individual)."). Defendant concedes as much. *See* Joint Final Pretrial Statement, Dkt. 116 at 11-12 ("Defendant recognizes that precedent from the Eleventh Circuit Court of Appeals has held that intermediate scrutiny applies to Equal Protection cases involving transgender individuals.").

what legitimate concerns exist. Indeed, the testimony of these witnesses, when juxtaposed to that of Defendant, exposes the disingenuous nature of Defendant's policy and positions in this case. The School Administrator Witnesses' testimony will be beneficial to the Court in separating fact from fiction, through the lens of those in the same position as Defendant, and with the same obligation to protect the safety and well-being of their students.

It is *Defendant's burden* to show that their discriminatory restroom policy, which they admit (as they must) is subject to heightened constitutional scrutiny, "substantially serve[s] an . . . interest *today*." *Sessions v. Morales-Santana*, 137 S. Ct. 1678, 1690 (2017). Defendant, thus, must show that its policy represents "a meaningful step towards solving a real, not fanciful problem." *Schleifer by Schleifer v. City of Charlottesville*, 159 F.3d 843, 849 (4th Cir. 1998); *see also Brown v. Entm't Merchants Ass'n*, 564 U.S. 786, 799 (2011) ("The state must specifically identify an 'actual problem' in need of solving."). And the justifications offered must have a "footing in the realities of the subject addressed by the legislation." *Heller v. Doe*, 509 U.S. 312, 321 (1993). Put simply, disagreement between the School Administrator Witnesses and Defendant as to the appropriate restroom policy pertaining to transgender students does not undermine the relevance of the Witnesses' testimony. To the contrary, it heightens it. Their testimony affords an opportunity to hear from those similarly situated, who were likewise evaluating the same issues and considering the needs students as Defendant was required to do, and who can speak to whether the putative defense of the School District has merit.

Second, Defendant cannot rely on Rule 403 to exclude this evidence. As this Court understands, "[i]t is well known that Rule 403 should be used sparingly" and only "in very

limited circumstances." *Solis v. Seibert*, No. 8:09-cv-1726, 2011 WL 398023, at *7 (M.D. Fla. Feb. 4, 2011). Indeed, the Eleventh Circuit has explained that exclusion based on Rule 403 should be the exception, rather than the rule:

> Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its probative force.

*Id.* (citing *US v. Sawyer*, 799 F.2d 1494, 1506 (11th Cir. 1986)); *see also U.S. v. Norman*, 638 Fed. Appx. 934, 938 (11th Cir. 2016) (holding that, in reviewing Rule 403 issues, the court must "look at the evidence in the light most favorable to its admission").

Here, Defendant argues that the potential testimony of these witnesses is "substantially outweighed by . . . undue delay, wasting of time and needless presentation of cumulative evidence." Dkt. 104 at 6. This position is facially implausible. Defendant seeks to preclude Ms. Valbrun-Pope and Ms. Michelle Kefford's testimony on the basis that Defendant "reviewed the policy used in Broward County" and "fully understood" but "elected not to follow" Broward County's policy. *Id.* Thus, Defendant concludes, the Court need not hear Broward County's relevant evidence because "of the Defendant's knowledge of that policy." *Id.*

Notably, Defendant cites no case law in support of its position. Nor could it, because Defendant's position is absurd; no case law holds that the Court should blind itself to evidence based upon a Defendant's familiarity, or lack thereof, with that evidence. To follow Defendant's logic to its conclusion, a party's knowledge of otherwise admissible facts would suddenly render those facts inadmissible simply because of that knowledge. But a fact's admissibility does not hinge on a party's acquaintance with that fact. Here, the Court has

5

heard no evidence on the subject matter of the potential testimony—even if Defendant has—and whatever corresponding delay that might result from hearing this evidence, if any, does not *substantially* outweigh the probative value of that testimony. Fed. R. Evid. 403 (emphasis added).

Indeed, multiple courts have found the testimony of School Administrator Witnesses and other school administrators to be particularly helpful in elucidating whether the justifications proffered by Defendant for its discriminatory bathroom policy are rooted in reality. For example, the Seventh Circuit paid particularly close attention to the experiences of school administrators across the country, including some of the School Administrator Witnesses. *See Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1054–55 (7th Cir. 2017). In so doing, the Seventh Circuit noted that,

> Each administrator has experience implementing inclusive bathroom policies in their respective schools, and each has grappled with the same privacy concerns that the School District raises here. These administrators uniformly agree that the frequently-raised and hypothetical concerns about a policy that permits a student to utilize a bathroom consistent with his or her gender identity have simply not materialized. Rather, in their combined experience, all students' needs are best served when students are treated equally.

*Id.* Thus, it should be evident that the proposed testimony of the School Administrator Witnesses is highly relevant and probative of the "frequently-raised and hypothetical concerns" used by Defendant to justify its discriminatory policy prohibiting a student from utilizing a bathroom consistent with his gender identity. *Id.* at 1055.

In addition to the Seventh Circuit, district courts across the country have also referenced and paid particular attention to the testimony from the School Administrator Witnesses. *See*, *e.g.*, *Evancho v. Pine-Richland Sch. Dist.*, 237 F. Supp. 3d 267, 274 (W.D.

Pa. 2017) (noting the "helpful contributions to the record" made by "a group of senior school administrators from school districts and state-wide educational agencies in 21 states and the District of Columbia"); *Bd. of Educ. of the Highland Local Sch. Dist. v. United States Dep't of Educ.,* 208 F. Supp. 3d 850, 876–77 (S.D. Ohio 2016) (noting the experiences of school administrators who "testified that no incidents of individuals using an inclusive policy to gain access to sex-segregated facilities for an improper purpose have ever occurred"). Indeed, the testimony and experiences of school administrators, including some of the School Administrator Witnesses, has been deemed so important, probative, and relevant by the courts that the district for the Middle District of North Carolina invited counsel for *amici* school administrators to argue before the Court at a preliminary injunction hearing in a case involving a policy remarkably similar to Defendant's discriminatory policy. *See Carcaño v. McCrory*, 203 F. Supp. 3d 615, 637 (M.D. N.C. 2016) (noting argument by "counsel for the *amici* school administrators" "[a]t the hearing"); Prelim. Inj. Hr'g Tr. at 30:1-30-4, *Carcaño v. McCrory*, 1:16-cv-00236-TDS-JEP (M.D. N.C. Aug. 4, 2016) (Dkt. No. 103) ("THE COURT: . . . I want to hear from the School Administrators about that.").

Defendant's motion is devoid of any articulation of how this testimony would be wasteful or showing that Plaintiff has any intention to offer their testimony in a manner that would be cumulative. This Court as gatekeeper can certainly evaluate their testimony as it comes into evidence and provide guidance to the extent that there is repetition. Certainly, Plaintiff intends to introduce testimony that he believes is directly relevant to the issues presented in this case and that will aid the Court in its evaluation of the merits of the claims

and defenses presented here.  At bottom, there is no legitimate bases to exclude these witnesses from the trial.

## **CONCLUSION**

WHEREFORE, based on the foregoing, Plaintiff respectfully requests that the Court deny Defendant's Motion *in Limine* in full.

Dated this 30th day of November, 2017.

Respectfully submitted,

*/s/  Omar Gonzalez-Pagan*

| | |
|---|---|
| Omar Gonzalez-Pagan | Kirsten Doolittle, Trial Counsel |
| (*admitted pro hac vice*) | Florida Bar No. 942391 |
| LAMBDA LEGAL DEFENSE | THE LAW OFFICE OF KIRSTEN DOOLITTLE, P.A. |
|    AND EDUCATION FUND, INC. | The Elks Building |
| 120 Wall Street, 19th Floor | 207 North Laura Street, Ste. 240 |
| New York, New York 10005-3919 | Jacksonville, FL 32202 |
| Telephone: 212-809-8585 | Telephone:  904-551-7775 |
| Facsimile:  212-809-0055 | Facsimile:  904-513-9254 |
| ogonzalez-pagan@lambdalegal.org | kd@kdlawoffice.com |
| | |
| Natalie Nardecchia | Jennifer Altman |
| (*admitted pro hac vice*) | Florida Bar No: 881384 |
| LAMBDA LEGAL DEFENSE AND | Markenzy Lapointe |
|    EDUCATION FUND, INC. | Florida Bar No: 172601 |
| 4221 Wilshire Boulevard, Suite 280 | Shani Rivaux |
| Los Angeles, CA 90010-3512 | Florida Bar No: 42095 |
| Tel. 213-382-7600 \| Fax: 213-351-6050 | Aryeh Kaplan |
| nnardecchia@lambdalegal.org | Florida Bar No: 60558 |
| | PILLSBURY WINTHROP SHAW PITTMAN, LLP |
| Tara L. Borelli (*admitted pro hac vice*) | 600 Brickell Avenue Suite 3100 |
| LAMBDA LEGAL DEFENSE AND | Miami, FL 33131 |
|    EDUCATION FUND, INC. | Telephone:  786-913-4900 |
| 730 Peachtree Street NE, Suite 640 | Facsimile:  786-913-4901 |
| Atlanta, GA 30308-1210 | jennifer.altman@pillsbury.com |
| Telephone:  404-897-1880 | markenzy.lapointe@pillsburylaw.com |
| Facsimile:  404-897-1884 | shani.rivaux@pillsbury.com |
| tborelli@lambdalegal.org | aryeh.kaplan@pillsbury.com |

8

| | |
|---|---|
| Paul D. Castillo (*admitted pro hac vice*) <br> LAMBDA LEGAL DEFENSE <br>    AND EDUCATION FUND, INC. <br> 3500 Oak Lawn Avenue, Suite 500 <br> Dallas, Texas 75219 <br> Telephone:  214-219-8585 <br> Facsimile:   214-219-4455 <br> pcastillo@lambdalegal.org | Richard M. Segal (*admitted pro hac vice*) <br> Nathaniel R. Smith (*admitted pro hac vice*) <br> PILLSBURY WINTHROP SHAW PITTMAN LLP <br> 501 W. Broadway, Suite 1100 <br> San Diego, CA 92101 <br> Telephone:  619-234-5000 <br> Facsimile:  619-236-1995 <br> richard.segal@pillsburylaw.com <br> nathaniel.smith@pillsburylaw.com |

*Counsel for Plaintiff*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2017, the foregoing motion was filed electronically using the Court's ECF system, which will provide electronic notice to all counsel of record, including:

>Terry J. Harmon (tharmon@sniffenlaw.com)
>Robert J. Sniffen (rsniffen@sniffenlaw.com)
>Michael P. Spellman (mspellman@sniffenlaw.com)
>Lisa B. Fountain (lfountain@sniffenlaw.com)
>Kevin Kostelnik (kkostelnik@sniffenlaw.com)
>SNIFFEN & SPELLMAN, P.A.
>123 North Monroe Street
>Tallahassee, Florida 32301
>
>Robert Christopher Barden (rcbarden@mac.com)
>RC Barden & Associates
>5193 Black Oaks Court North
>Plymouth, MN 55446-2603
>
>*Attorneys for Defendant, The School Board of St. Johns County, Florida*

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan
(*admitted pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, New York 10005-3919
Tel.: 212-809-8585 | Fax: 212-809-0055
ogonzalez-pagan@lambdalegal.org