UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| DREW ADAMS, a minor, by and through his next friend and mother, ERICA ADAMS KASPER,<br><br>*Plaintiff,*<br><br>v.<br><br>THE SCHOOL BOARD OF ST. JOHNS COUNTY, FLORIDA,<br><br>*Defendant.* | Civil Action No. 3:17-cv-00739-TJC-JBT |

## MOTION FOR LEAVE TO FILE *AMICUS* BRIEF OF *AMICI CURIAE* SCHOOL ADMINISTRATORS

*Amici curiae* School Administrators, school districts, individual administrators, and educators from 29 states and the District of Columbia, respectfully move this Court for leave to file the proposed *Amicus Curiae* Brief of the School Administrators, attached to this motion as Exhibit A. Proposed *amici* submit this brief in order to provide the Court with their experience in implementing, applying, and in some cases creating inclusive and respectful policies toward transgender students. The *amici* relate that in their experience, such inclusive policies result in better educational environments not just for transgender students but for the greater school population as well.

In accord with Local Rule 3.01(g), counsel for *amici* conferred with counsel for the parties in this action regarding this motion. Counsel for Plaintiffs has advised that they consent to the filing of the *amicus* brief. Counsel for Defendant has advised that they object to this

motion and to the filing of the *amicus* brief.

**STATEMENT OF INTEREST**

Proposed *amici*, School Administrators from 29 States and the District of Columbia ("School Administrators"), are school principals, superintendents, administrators, board members, and educators from diverse school districts across the country who have developed, implemented, and/or enforced inclusive policies regarding transgender students in their schools. The School Administrators have faced, and dealt with, the very same issue that is before the Defendant School Board of St. Johns County: determining the best manner in which to safeguard the needs of transgender students as well as the larger school population. As such, the School Administrators are uniquely qualified to provide the Court with an experiential perspective on the implementation and results of such policies. Because of the breadth and diversity of the schools represented, the experiences of the School Administrators are widely applicable. Further, as educators, the School Administrators are interested in the well-being and educational progress of all students but have no particular interest in this case which might present a conflict of interest.

Below are the qualifications and experiences of a sample of the individual educators who contributed to the Proposed Brief:

- Denise Palazzo is the statewide Safe Schools Director for Equality Florida. In that role, she consults with the 67 school districts across Florida about LGBTQ needs, challenges, best practices and resiliency. She offers district leadership professional and technical assistance such as professional development trainings, crisis consultation, GSA support and structural implementation design and direction. Ms. Palazzo is a past Instructional Facilitator and Diversity and LGBTQ2 Coordinator for Broward County Public Schools ("BCPS") in Broward County, Florida, where she had previously taught for fourteen years. BCPS is the sixth-largest public school system in the United States and the second-largest in Florida, with more than 271,000 students. Ms. Palazzo spearheaded BCPS's recent effort to adopt a formal policy allowing transgender students access to programs and facilities in accordance with their gender identity, which has now been finalized. The new policy enhances the recommendations and guidance that BCPS adopted in 2012. Ms.

Palazzo also advises officials throughout the country about inclusive policies for transgender students, and continues to consult with BCPS and other school districts in Florida and throughout the country.

- David Vannasdall, Ed.D., been an educator for more than twenty years, and been Superintendent for Arcadia Unified School District ("Arcadia") in Arcadia, California since July 2014. He previously served as Arcadia's Deputy Superintendent for two years and principal of Arcadia High School for eight years. He developed Arcadia's policy for supporting transgender students. Dr.Vannasdall has consulted with school officials nationally on transgender issues, and has presented on Arcadia's policy to other superintendents. Arcadia has approximately 10,000 students, and has more than three years of experience with inclusive policies for transgender students.

- Diana Bruce is the Director of Health and Wellness for the District of Columbia Public Schools ("DCPS"), a district that educates approximately 72,000 students across 111 schools. DCPS has provided transgender students access to facilities in accordance with their gender identity since 2006, and Ms. Bruce led the effort surrounding the school district's adoption of a policy providing in-depth guidance in June 2015. Ms. Bruce consults with administrators across the country about DC's experience with inclusive policies for transgender students.

- Judy Chiasson, Ph.D., is the Program Coordinator for the Office of Human Relations, Diversity and Equity in the Los Angeles Unified School District ("LAUSD") in Los Angeles, California. LAUSD is the second-largest school district in the country, with more than 732,000 students in more than 1,200 schools, spanning 745 square miles. Dr. Chiasson helped author LAUSD's guidance documents on transgender students, and has overseen the implementation of LAUSD's policy since it was adopted a decade ago. Dr. Chiasson has given legislative testimony based on LAUSD's approximately ten years of experience with its policies, and has consulted with other school administrators across the country on transgender and other diversity issues.

- Eldridge Greer, Ph.D., is the Associate Chief of Student Equity and Opportunity for Denver Public Schools ("DPS") in Denver, Colorado. DPS comprises 199 schools and educates over 90,000 students. Dr. Greer has been an educator for over twenty-five years, and has been with DPS since 2007. DPS's formal transgender policy was already in place when Dr. Eldridge came to DPS; he has since been responsible for developing practice guides for teachers and principals for applying the policy.

- Rachel Santa, Ed.D., is the Director of Special Education for the Cumberland, Rhode Island School District, which serves approximately 4,500 students. Dr. Santa has worked in special education since 1990 and has over twelve years of experience in school administration and providing services for students in the public school setting. The Rhode Island Interscholastic League policies provide transgender students access to bathrooms and locker rooms and participation in team sports in accordance with their gender identity. Dr. Santa was an integral part of Cumberland School District's unanimous passage of an official district-wide policy this year that gives all students an opportunity to use alternative facilities should they feel uncomfortable using a gender-designated

3

facility for any reason. Dr. Santa works in collaboration with school committees in developing policies, processes and procedures that support the equitable education of all students.

- Thomas Aberli, Ed.D., is the Principal of J.M. Atherton High School ("Atherton"), which educates approximately 1,300 students in Louisville, Kentucky. Atherton has had a formal policy of respecting students' gender identity since June 2014. Dr. Aberli oversaw the adoption of this anti-discrimination policy through a thoughtful process that engaged the public, a twelve-member decision-making council, and the superintendent. Dr. Aberli also recently testified about Atherton's policy before the Kentucky Senate Education Committee.

## ARGUMENT

### I. The Court Should Exercise Its Discretion to Permit Filing of the School Administrators *Amicus* Brief

It is well-established that this Court "has broad discretion to grant the request of a non-party to file an *amicus* brief." *Conserv. of Southwest Fla. v. U.S. Fish & Wildlife Serv.*, No. 2:10-cv-106-FtM-SPC, 2010 WL 3603276, *1 (M.D. Fla. Sept. 9, 2010). See also *In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249 n. 34 (11th Cir. 2006) ("district courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."); *Lathrop v. Unidentified, Wrecked & Abandoned Vessel*, 817 F. Supp. 953, 961 (M.D. Fla. 1993) ("an *amicus curiae* . . . is not a party to this action, but participates solely for the benefit of the court."); *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500–01 (S.D. Fla. 1991) ("The district court has the inherent authority to appoint *amici curiae*, or 'friends of the court,' to assist it in a proceeding." (footnote omitted)). Because an *amicus* does not represent a party but "participates only for the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the *amicus*." *News and Sun–Sentinel Co. v. Cox*, 700 F. Supp. 30, 31 (S.D. Fla. 1988) (citation omitted).

An *amicus* is a "friend of the court," and is permitted in order to increase or assist the Court's understanding of the issues before it. *Id*. *Amicus* briefs should be permitted where the

4

proposed *amicus* has no conflict of interest, and has a special interest in the case which might not be properly represented in the case or the "the proffered information is timely and useful." *Conserv. of Southwest Fla.*, 2010 WL 3603276, at *1 (citation omitted).

Proposed *amici* School Administrators provide unique information, based on their collective decades of experience, that bear directly on the central issues before this Court. School Administrators—like the Defendant school board and its administrators—were faced with the need to provide an appropriate and welcoming school environment for transgender students, while still mindful of the best interests of the larger school population. Although school administrators often worry that inclusive policies towards transgender students will cause disruption among the student population, in the experience of School Administrators, no disruptions or adverse effects have been seen from providing a welcoming, sensitive environment.

Further, School Administrators have found that such inclusive policies have a beneficial effect on the greater school community—students often lead the way in accepting their peers, and an inclusive, affirming environment shows *all* students that they will be respected and supported by their school. Proposed Brief at 8-9, 13. In some instances, *amici* have helped their school districts develop the inclusive policies regarding transgender students, and as a result, they have first-hand knowledge of how schools and communities can navigate these issues. *See, e.g.*, Proposed Brief at 11-13.

The School Administrators offer a valuable perspective and can provide the Court with information on the efficacy and appropriateness of inclusive school policies over a wide variety of school environments and community characteristics. Thus, the School Administrators can

provide "timely and useful" information that cannot readily be replicated at trial, as it is unworkable to expect the Court to entertain testimony from dozens of individual witnesses.

The value of the School Administrators' perspective has been recognized by other courts which have heard similar issues and have permitted the filing of similar *amicus* briefs. *See, e.g.*, *Evancho v. Pine-Richland Sch. Dist.*, 237 F. Supp. 3d 267, 274 n. 6 (W.D. Penn. 2017) (noting that "*amici* and their counsel []have made helpful contributions to the record in this case."); *Bd. of Educ. of Highland Sch. Dist. v. U.S. Dep't of Educ.*, 208 F. Supp. 3d 850, 875 (S.D. Ohio 2016) (granting leave to file and citing *amicus* brief "from school districts in twenty states around the country."); *Carcaño v. McCrory*, 203 F. Supp. 3d 615, 624 (M.D. N.C. 2016) (citing brief of school administrators).

For the foregoing reasons, proposed *amici* School Administrators respectfully request that the Court permit the filing of the attached Proposed *Amicus Curiae* Brief of School Administrators from 29 States and the District of Columbia (Ex. A).

Respectfully submitted,

BOIES SCHILLER FLEXNER LLP

/s/ *Rosanne C. Baxter*
Rosanne C. Baxter
333 Main Street
Armonk, NY 10504
Phone: (914) 749-8200
Fax: (914) 749-8300
rbaxter@bsfllp.com
*Pro hac vice* motion pending

/s/ *Karen Dyer*
Karen Dyer
Florida Bar No. 716324
121 South Orange Avenue
Suite 840
Orlando, FL 32801

Phone: (407) 425-7118
Fax: (407) 425-7047
kdyer@bsfllp.com

*Attorneys for Proposed Amici
School Administrators*

Dated: December 6, 2017

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document was emailed to the Court and to the parties on this 6th day of December, 2017.

/s/ Karen C. Dyer, Esq.