UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DREW ADAMS, etc.,

        Plaintiff,

vs.                                            Case No. 3:17-cv-739-J-32JBT

THE SCHOOL BOARD OF ST. JOHNS
COUNTY, FLORIDA,

        Defendant.

### ORDER

As was obvious at trial, the Court is concerned whether this case is properly postured for the Court to make a decision on the constitutionality of the St. Johns County Schools' transgender bathroom policy. As disclosed at trial, the policy prohibiting plaintiff from using the boys' restroom is unwritten and has never been formally adopted or passed upon by the School Board of St. Johns County. This raises the question whether the case is ripe. Yet, plaintiff has been told by Nease High School administration that he may not, under penalty of school discipline, use the boys' restroom, thus seemingly creating a live case or controversy. Nevertheless, this Court is being asked to pass upon the constitutionality of a policy that has not been the subject of public input and a final decision by the governing authority of the School District, the School Board of St. Johns County.[1]

At trial, the School Board's attorney testified, "I can tell you without a doubt that this [issue] would be very divisive and controversial if it were taken up in a public school board

---

[1] There was evidence at trial bearing on this issue and the Court stated at one point that the parties need not introduce further evidence on this topic. However, upon post-trial reflection, the Court continues to have concerns.

meeting." Doc. 145 at Tr. 86. But deciding "divisive and controversial" issues affecting the St. Johns County schools is precisely the function of the elected School Board. Before asking a federal court to potentially insert itself into matters of School District policy, should not the School Board be required to take a formal position on the matter?

This issue is deserving of the attention of the parties in advance of the oral argument. The Court therefore directs the parties to file briefs separate from the forthcoming proposed Findings of Fact and Conclusions of Law addressing the legal and factual issues inherent in the Court's inquiry. These separate briefs, no more than 15 pages, must be filed no later than **February 5, 2018**. (The proposed Findings of Fact and Conclusions of Law remain due on January 24, 2018 and oral argument remains set for February 16, 2018 at 9:30 a.m.)

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of January, 2018.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record